UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Clinton Robert Scott,** ) | CASE NO. 1:16 CV 2635 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Lake Erie Correctional Institution,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION

*Pro se* Plaintiff Clinton Robert Scott filed this action under 42 U.S.C. § 1983 against the Lake Erie Correctional Institution ("LECI"), LECI Corrections Officer Mr. Haffley, and former LECI Corrections Officer Ms. Mullens.  In the Complaint, Plaintiff alleges Haffley used excessive force against him.  He asks that the Defendants be suspended or receive reduced pay.

## BACKGROUND

Plaintiff alleges he was assaulted by Haffley on August 21, 2015.  He indicates he was returning to his dorm from his morning work out and passed the corrections officer desk.  He states he saw an inmate waving at him.  He turned to see what the inmate wanted and saw Mullens waving at him.  He indicates he raised his water jug to show he was getting some water

from the sink. He contends Haffley came up behind him and grabbed his hand. Plaintiff claims he pulled his arm free from Haffley, and Haffley told him to "get on the wall." (ECF No. 1 at 4). Plaintiff indicates he put the jug on the ice machine and then placed his hands on the machine. He claims Haffley dared him to take his hands off the machine to which he responded by inquiring about the consequences of such an action. He contends Haffley slammed him to the ground, landing on top of him. He states he spent six months in segregation on charges that he had assaulted Haffley. Plaintiff contends he, and not Haffley, was the victim of the assault. He states it was unfair that Haffley was allowed to work while Plaintiff spent time in segregation. He asks this Court to impose some kind of punishment on Haffley by ordering his suspension or docking his pay.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## **DISCUSSION**

As an initial matter, Plaintiff fails to state a claim upon which relief may granted against LECI and Mullens.  Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  Plaintiff alleges Mullens waved at him.  He does not allege she took part in the physical altercation with Haffley.  Plaintiff does not allege sufficient facts to suggest Mullens violated any of his constitutional rights.

Similarly, Plaintiff fails to indicate what actions LECI took as an entity to violate his Constitutional rights.  LECI is a private prison, owned and operated by Corrections Corporation of America ("CCA").  A private prison is considered a "state actor" for purposes of 42 U.S.C. § 1983.  *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996). Section 1983, however, does not permit Plaintiff to sue LECI on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978).  Plaintiff may only

hold LECI liable under § 1983 for the entity's own wrongdoing.  *Id*.  Because Plaintiff does not allege facts suggesting any action by the institution itself, he fails to state a claim against LECI.

Plaintiff's only discernable claim is that he was wrongly accused of assaulting Haffley when, in fact, Haffley assaulted him. A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing or the conduct underlying the disciplinary conviction.  *See Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000); *Lewis v. Pendell*, 90 F. App'x 882, 883 (6th Cir. 2004).  Because a favorable ruling on Plaintiff's claim would imply the invalidity of his disciplinary conviction for assaulting Haffley, this claim is not cognizable. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Huey*, 230 F.3d at 230.

### **CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/13/17